UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:23-CV-00063-FDW

| | |
|---|---|
| LINDA ANN MCNEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Claimant's Motion for Summary Judgment and Memorandum in Support, (Doc. No. 6), and Defendant Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") Brief, (Doc. No. 10). Claimant, through counsel, seeks judicial review of an unfavorable administrative decision that she was not disabled within the meaning of the Social Security Act. This matter has been fully briefed, (Doc. Nos. 6, 10), and is ripe for ruling. Having reviewed and considered the written arguments, administrative records, and applicable authority, and for the reasons set forth below, Claimant's Motion for Summary Judgment is DENIED; and the Commissioner's decision is AFFIRMED.

I.  BACKGROUND

On May 7, 2018, Claimant filed applications for a period of disability and disability insurance benefits ("DIB"), disabled widow's disability, and supplemental security income. (Tr. 17). All applications alleged an onset date of April 12, 2018. (Id.). Claimant's claims were denied initially and on reconsideration. (Tr. 143, 152). On June 21, 2022, Claimant testified at a hearing before the Administrative Law Judge ("ALJ"). (Tr. 17). Subsequently, on August 3, 2022, the ALJ

1

concluded that Claimant had not been under a disability within the meaning of the Social Security Act at any time through the date of his decision. (Tr. 18, 27).

At step one of the five-step sequential evaluation process for determining whether an individual is disabled under the Social Security Act, the ALJ found Claimant had not engaged in substantial gainful activity since the alleged onset date of April 12, 2018. (Tr. 20). At step two, the ALJ deemed Claimant had "the following severe impairments: spine disorder, carpel tunnel syndrome in the right hand, fibromyalgia, obesity, and asthma". (Id.). At step three, the ALJ found Claimant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments". (Tr. 23). Before addressing step four, the ALJ concluded Claimant had the residual functional capacity ("RFC") to perform light work with the following exceptions:

> The claimant can frequently climb ladders, ropes, or scaffolds, or ramps, or stairs; frequently stoop, crouch, kneel, or crawl; and frequently handle and finger with the right upper extremity. She can tolerate frequent exposure to environmental irritants such as fumes, odors, dusts, and gases; and frequent use of moving machinery and exposure to unprotected heights.

(Tr. 24).

At step four, the ALJ found Claimant could perform past relevant work ("PRW") as a receptionist because, in comparing Claimant's RFC with the physical and mental demands of secretarial work, she is able to perform it as actually and generally performed and has performed it before at a sedentary exertional level. (Tr. 26). Consequently, the ALJ determined Claimant was not disabled within the meaning of the Act from April 12, 2018, through the date of the decision. (Tr. 27).

On January 10, 2023, the Appeals Council denied Claimant's request for review, making the ALJ's ruling the Commissioner's final decision. (Tr. 1). Claimant has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of Social Security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when the ALJ applied the correct legal standard *and* substantial evidence supports the ALJ's factual findings. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013) (emphasis added). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [ALJ] if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653 (alteration and internal quotation marks omitted).

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to [PRW] and adjustment to other

work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). To evaluate a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to their PRW; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861 (citing Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016)).

Additionally, if Claimant cannot show the disability is medically equivalent to one in the per se medical listings in step three, "the ALJ must assess the claimant's RFC before proceeding to step four, which is 'the most the claimant can do despite his physical and mental limitations that affect his ability to work.'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). The Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96–8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's]

4

symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work.' 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Owens v. Berryhill, 2018 WL 3620496, at *2 (W.D.N.C. July. 30, 2018).

Proceeding to step four, the burden remains with claimant to show they are unable to perform past work. Mascio, 780 F.3d at 635. If the claimant fails to meet this burden, she is not disabled. Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 90 (4th Cir. 2020).

### III.    ANALYSIS

On appeal, Claimant asserts two assignments of error: (1) the ALJ incorrectly evaluated the Claimant's symptoms of diarrhea, caused by the side effects of Gleevec, and how they affect her ability to work; and (2) the ALJ erred in the application and evaluation of the RFC by not considering the impact excessive bathroom breaks would have on her ability to perform work. The Court finds Claimant's two assignment of errors are without merit for the following reasons.

**A. The ALJ's evaluation of Claimant's symptoms was appropriate per the agency ruling SSR 16-3p, and 20 CFR § § 404.1529(c)(3) and 416.929(c)(3).**

Claimant first argues the ALJ committed a reversible error by neglecting to evaluate Claimant's medically documented symptoms caused by the side effects of her prescribed medication, Gleevec, when determining how it would impact her ability to perform substantial gainful activity. An ALJ must evaluate a claimant's impairment-related symptoms following a two-step process. SSR 16-3p, 2017 WL 5180304 (S.S.A. Oct. 25, 2017). First, the ALJ must determine whether the claimant's objective medical evidence shows they have a medically determinable impairment that could reasonably be expected to produce the claimant's alleged

5

symptoms. Id. Second, if the first step is demonstrated, the ALJ must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which their symptoms limit their capacity to work. Id.; 20 C.F.R. §§ 404.1529(c), 416.929(c).

The ALJ must assess a claimant's statements about the intensity, persistence, and limiting effects of their symptoms in relation to the objective medical evidence and other evidence to determine whether the claimant is disabled. § 404.1529(c)(4). When evaluating the "intensity, persistence, and limiting effects" of a claimant's symptoms, the ALJ must examine "the entire case record, including the objective medical evidence; [a claimant's] statements […]; statements and other information provided by medical sources and other persons; and any other relevant evidence in the [claimant's] case record." SSR 16-3p. An ALJ can also consider a claimant's prior work record and daily activities. § 404.1529(c)(3). There is, however, no requirement that the ALJ "'refer to every piece of evidence in his decision,'". Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)). The claimant's symptoms will be found to limit their capacity to do basic work activities to the extent that said symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." § 404.1529(c)(4).

Here, the ALJ adequately assessed Claimant's statements about the intensity, persistence, and limiting effects of her symptoms of diarrhea in relation to the objective medical evidence and other evidence. The ALJ noted Claimant states that she must use the bathroom five to seven times a day. (Tr. 25). However, the ALJ also indicated that in the medical records of Claimant's July 2019 doctor's visit, Claimant stated she only "had occasional diarrhea". (Tr. 22). The ALJ's opinion is further supported by many of Claimant's medical records where her symptoms of diarrhea are described as "some", "a little bit", and that she had learned to manage it, indicating

6

Case 1:23-cv-00063-FDW   Document 11   Filed 01/18/24   Page 6 of 10

Claimant's diarrhea is under control. (Tr. 373, 507, 588). Furthermore, although the medical notes do state that the leukemia medication, Gleevec, can cause intestinal upset as a side effect, Claimant's abdominal CT revealed no abdominal abnormalities. (Tr. 22, 26).

Consequently, the ALJ properly evaluated Claimant's symptoms caused by the side effects of Gleevec and correctly found they do not limit Claimant's capacity to do basic work activities because Claimant's claims about the intensity, persistence, and limiting effect of her symptoms cannot be reasonably accepted as consistent with the objective medical evidence and medical records. See Majkut v. Comm'r of Soc. Sec., 394 Fed. Appx. 660, 663 (11th Cir. 2010) (finding that the ALJ did not err in finding claimant's complaints of pain were inaccurate because claimant was inconsistent in stating that she could not drive while informing her physicians she would drive her husband to work).

Although Claimant disagrees with the ALJ's evaluation of her symptoms of diarrhea, this Court considers only whether the ALJ applied the proper legal standard, and whether the ALJ's decision is supported by substantial evidence. Here, the ALJ did consider the objective medical evidence, records, and Claimant's own statements when evaluating the intensity, persistence, and limiting effects of a claimant's symptoms caused by the side effects of her prescribed medication, Gleevec. Therefore, the ALJ's decision does satisfy the statutory requirements. Accordingly, this Court finds Claimant's first assignment of error is without merit.

**B. The ALJ did not err in his evaluation of the RFC.**

Claimant next argues the ALJ committed a reversible error by not adequately considering the direct impact the side effect of excessive bathroom breaks would have on her ability to perform work. When assessing RFC, the ALJ must determine the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." § 416.945(a)(4). Moreover, the ALJ must

"include a narrative discussion describing how the evidence supports each conclusion." Monroe, 826 F.3d at 189 (quoting Mascio, 780 F.3d at 636); See also Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (stating that the ALJ must "identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion").

Remand is appropriate only when the reviewing court is "left to guess about how the ALJ arrived at his conclusions." Mascio, 780 F.3d at 637. In Shinaberry, the claimant appealed the ALJ's denial of disability benefits, alleging the ALJ incorrectly assessed her RFC by excluding claimant's moderate limitations in concentration, persistence, or pace and, thus, making the ALJ's order impossible to review. Shinaberry v. Saul, 952 F.3d 113, 120-21 (4th Cir. 2020). The court held the ALJ's RFC analysis was not erroneous because she "built 'an accurate and logical bridge from the evidence to [her] conclusion'" that the claimant's testimony regarding claimant's moderate limitations in concentration, persistence, or pace was not fully credible. Id. Moreover, the court stated that if the ALJ explains why a claimant's alleged limitation does not translate into a limitation in the RFC, it would be appropriate to exclude it from a hypothetical to the vocational expert. Id. at 121.

Like in Shinaberry, where the court determined the ALJ logically explained why the limitation was not translated into the RFC, here, the ALJ provided ample reasoning for determining Claimant's RFC and why Claimant's symptoms of diarrhea were not translated into the RFC analysis. As mentioned in the previous section, the ALJ's explanation regarding the lack of credibility of Claimant's symptoms of diarrhea is well supported by Claimant's medical records and notes. Furthermore, as noted by the ALJ, Claimant had "learned to live with" her diarrhea symptoms. (Tr. 20). Additionally, the ALJ's opinion provided a thorough explanation of Claimant's activities of daily living in support of his RFC finding. (Tr. 24-26). The ALJ noted

Claimant's ability to stand, walk, and sit for approximately twenty minutes each; Claimant's ability to shop and lift gallons of milk; and her ability to socialize with family and friends. (Tr. 25). Accordingly, the ALJ reasonably accounts for Claimant's symptoms and limitations in concluding that Claimant "appears to be able to perform activities of daily living when she chooses to, though she might need to take breaks." (Tr. 26).

Moreover, the ALJ stated that upon comparing Claimant's RFC with the physical and mental demands of the job, he found that Claimant had performed work as a receptionist at a sedentary exertional level and would still be able to. Id. The ALJ's finding that Claimant can perform sedentary work demonstrates consideration of Claimant's need for breaks because a typical "8-hour [sedentary job has] a morning break, a lunch break, and an afternoon break at approximately 2-hour intervals." SSR 96-9p, 1996 WL 374185, at *6 (S.S.A. July 2, 1996). Ultimately, the ALJ's RFC analysis is not erroneous because he provides sufficient evidence and explains why Claimant's limitations, imposed by the side effects of Gleevec, do not translate into a specific limitation in the RFC.

Thus, the Court disagrees with Claimant because the ALJ both identifies evidence that supports the conclusion and builds an accurate and logical bridge from the evidence to the conclusion. The ALJ adequately addressed Claimant's excessive bathroom breaks limitation from the RFC analysis by explaining how it does not affect Claimant's capability to perform daily activities or perform her past relevant sedentary work as a receptionist. Substantial evidence therefore supports the ALJ's decision.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that for the reasons above, Claimant's Motion for Motion for Summary Judgment, (Doc. No. 6), is DENIED; and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Signed: January 18, 2024

Frank D. Whitney
United States District Judge